**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3470 Wilshire Blvd., Suite 614
Los Angeles, California 90010
Telephone: (213) 384-6964
Facsimile:   (213) 383-7368
E-Mail:      maimons@aol.com

Attorney for Plaintiff
CARLOS BARRIOS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BARRIOS,<br><br>          Plaintiff,<br><br>v<br><br>CALIFORNIA HIGHWAY PATROL;<br>CALIFORNIA HIGHWAY PATROL<br>OFFICER, sued individually as DOE 1;<br>CALIFORNIA HIGHWAY PATROL<br>OFFICER, sued individually as DOE 2;<br>CALIFORNIA HIGHWAY PATROL<br>OFFICER, sued individually as Doe 3;<br>TOYOTA OF THOUSAND OAKS;<br>DOES 4-10 INCLUSIVE,<br><br>          Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**[VIOLATION OF FEDERAL CIVIL RIGHTS]**<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff CARLOS BARRIOS ("Plaintiff") hereby files the following Complaint and states and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists under 28 U.S.C. Section 1331. This action which arises under the laws of the United States, and involves violations of federal law under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, actionable under 42 U.S.C. Section 1983.

## PARTIES

2. Plaintiff is an individual and a resident of Los County, California.

3. Defendant CALIFORNIA HIGHWAY PATROL ("CHP") is a California State law enforcement agency duly formed and organized as a department of the Defendant CALIFORNIA STATE TRANSPORTATION AGENCY with the CHP office related to this case located at 4656 Valentine Road, Ventura, CA 93003-5740.

4. Defendant CALIFORNIA HIGHWAY PATROL, sued individually as Doe 1 ("Doe Defendant 1" or collectively with all of the defendants as "CHP Defendants"), was at all material times herein, an employee of the CHP and a resident of Ventura County, California.

5. Defendant CALIFORNIA HIGHWAY PATROL, sued individually as Doe 2 ("Doe Defendant 2" or collectively with all of the defendants as "CHP Defendants"), was at all material times herein, an employee of the CHP and a resident of Ventura County, California.

6. Defendant CALIFORNIA HIGHWAY PATROL, sued individually as Doe 3 ("Doe Defendant 3" or collectively with all of the defendants as "CHP Defendants"), was at all material times herein, an employee of the CHP and a resident of Ventura County, California.

6. Defendant TOYOTA OF THOUSAND OAKS ("TTO"), was at all material times herein, a Toyota car dealership that serves the local Thousand Oaks area as well as the surrounding region, with a principal business address of 2401 Thousand Oaks, Blvd., Thousand Oaks, California 91362 in Ventura County.

7. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 4 through 10, and persons heretofore unknown involved in the actions taken against the plaintiff is unknown to him at this time. Plaintiff is informed and believes and based thereon allege that each of the DOE defendants are responsible in some manner for the events herein referred to, and that plaintiff's injuries and damages as herein alleged were proximately caused by those defendants. Plaintiff sues said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiff will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

## **FACTS COMMON TO ALL CLAIMS**

8. Plaintiff is a successful business owner who operates an auto vehicle body repair shop called Premier Collision Center located at 7760 Gloria Ave., Van

Nuys, California 91406.

9.   Plaintiff as a business owner dealing with the repair of auto vehicles is well versed and knowledgeable in the purchase and sale of new and used auto vehicles and their fair market value and resale value.

10.   Plaintiff purchased a used auto vehicle from TTO, for a substantial sum of money that was well over $15,000, with the belief that he could use it for both his personal use and eventual resale value at a value substantially higher than the purchase price.

11.   In purchasing the vehicle from TTO, TTO informed him that auto vehicle could be purchased and did not inform him of any legal restrictions in purchasing the vehicle.

12.   Subsequent to Plaintiff's purchase of the auto vehicle from TTO, he was able to obtain proper registration from the California Department of Motor Vehicles ("DMV") and the DMV never informed him that of any legal restrictions in registering the vehicle.

13.   After purchasing the vehicle from TTO, and paying TTO for the purchase, TTO refused to transfer the possession of the vehicle to Plaintiff, rather TTO claimed that it was discovered that the vehicle was reported stolen, and as a result TTO informed the CHP to have the vehicle seized by the CHP, which the CHP and the CHP Defendants did without prior notice and opportunity to be heard by the Plaintiff and without a warrant or court order signed by a judge.

14.   Subsequent to the seizure of the vehicle by the CHP and the CHP Defendants, TTO refused and continues to refuse to return the monies that Plaintiff paid it to purchase the vehicle and the CHP and the CHP Defendants have refused to return the vehicle to Plaintiff or provide him with a hearing on the matter.

Based on the above facts, Plaintiff alleges the following claims.

## **FIRST CLAIM OF RELIEF**

### **(Violation of 42 U.S.C. Section 1983 by Plaintiffs Against All Defendants)**

15. Plaintiff allege and incorporate herein by reference each and every allegation contained in paragraphs 1-14 above.

16. Plaintiff alleges that in doing all of the things herein mentioned, the City and all of the defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the County of Ventura and the State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

17. Plaintiff further alleges that in doing all of the things herein mentioned, the CHP, CHP Defendants, TTO, and all of the defendants, and each of them, violated and further threaten to violate the constitutional and civil rights of the Plaintiff, in particular his individual rights under the Fourth and Fourteenth Amendment of the United States Constitution Search and Seizure Clause; the Fifth and Fourteenth Amendment of the United States Constitution Takings Clause; and the Fourteenth Amendment of the United States Constitution Due Process Clause, both its substantive and procedural components, and the Fourteenth Amendment of the United States Constitution Equal Protection Clause.

18. Plaintiff further alleges that in doing all of the things herein mentioned, the CHP, violated and further threatens to violate the constitutional and civil rights of the Plaintiff, as described in paragraphs 1-14 set forth herein, pursuant to the CHP's official policy, custom or practice.

19.   The CHP Defendants and the Defendant TTO are not entitled to any immunity, qualified or otherwise.

20.   As a proximate result of the foregoing actions of the defendants and each of them, Plaintiff has been injured and suffered economic and non-economic damages according to proof at trial but believed to be not less than $20,000,000.00 against each Defendant, and are also entitled to appropriate declaratory and injunctive relief.  Plaintiff is also entitled to his reasonable attorney's fees under 42 U.S.C. Section 1988.

.

## FIRST CLAIM FOR RELIEF

1.   For damages according to proof at trial but

believed to be not less than $20,000,000.00;

2.   For appropriate declaratory and injunctive relief;

3.   For attorney's fees;

## FOR ALL CLAIMS FOR RELIEF

4.   For costs of suit;

5.   For such other and further relief as the Court deems proper.

Dated: November 19, 2025          LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser

FRANK A. WEISER, Attorney for
for Plaintiff CARLOS BARRIOS

6

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial pursuant to F.R.C.P. 38.

Dated: November 19, 2025          LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser

FRANK A. WEISER, Attorney for
for Plaintiff CARLOS BARRIOS